# MEMO ENDORSED



MCTIGUE & PORTER LLP
5301 Wisconsin Avenue, NW
Suite 350
Washington, D.C. 20015
(202) 364-6900
Fax: (202) 364-9960

December 4, 2007

> DEFENDANTS TO RESPOND WITH A BRIEF (2-3 pp) LETTER BY 12/14/07 (NOON).
>
> SO ORDERED:
> Date: 12/7/07
> Richard M. Berman, U.S.D.J.

**By First Class Mail**

Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *Beane v. The Bank of New York Mellon, et al.*, Civ. No. 07-9444

Dear Judge Berman:

  Pursuant to your individual practice 2(A), I am writing on behalf of the plaintiff Albert T. Beane, Jr., to request a pre-motion conference on plaintiff's motion for class certification, which should be submitted as soon as practicable. *See* Fed. R. Civ. P. 23(c)(1)(A).

  Briefly, Mr. Beane has sued on behalf of the Federal-Mogul Corporation Pension Plan (the "Pension Plan") and a class of similarly situated employee benefit plans and their respective participants. Mr. Beane alleges that Callan Associates, Inc. ("Callan"), which has long been a fiduciary to the Pension Plan, breached its fiduciary duties to the Pension Plan by advising the Pension Plan to use BNY ConvergEx Execution Solutions LLC ("BNY Brokerage") for the Pension Plan's brokerage transactions while BNY Brokerage (or Bank of New York Mellon ("BNY")) was sharing its brokerage commissions with Callan. Callan thus breached its duty of loyalty to the Pension Plan, and BNY and BNY Brokerage (collectively "BNY Defendants")



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/7/07

Honorable Richard M. Berman
December 4, 2007
Page 2

knowingly participated in Callan's breaches of duty.

Mr. Beane seeks to represent a class consisting of: All employee benefit plans covered by ERISA and their respective participants that consulted with Callan from 1998-2006 and who used BNY Brokerage as their broker. The class meets the requirements of Fed. R. Civ. P. 23(a):

- *Numerosity*. The class is composed of thousands of persons, in numerous locations. The Pension Plan has approximately 33,000 participants and Callan has hundreds of pension plan clients. The number of class members is so large that joinder of all its members is impracticable.

- *Common questions of law and fact include*. There are many common fact and legal questions, including whether: Defendants caused the employee benefit plans to engage in brokerage transactions with BNY Brokerage; Callan was a fiduciary responsible for advising on and recommending service-providers such as BNY Brokerage to employee benefit plans; Defendants caused employee benefit plans to pay commissions to BNY Brokerage and ultimately to BNY and Callan; Callan breached its fiduciary duties to employee benefit plans and engaged in prohibited transactions by causing employee benefit plans to execute brokerage transactions with BNY Brokerage for the benefit of Callan and BNY Defendants; Callan breached its fiduciary duties to employee benefit plans by concealing the true nature of the commissions received from BNY Defendants under Defendants' Services Agreement; BNY Defendants are liable under 502(a)(3) for knowingly aiding and abetting prohibited transactions and breaches of fiduciary duty by Callan; employee benefit plans and their respective participants suffered losses as a result of Defendants' violations of ERISA.

- *Typicality*. Plaintiff's claims are typical of the claims of the Class. He has no interests that are antagonistic to the claims of the Class. He understands that this matter cannot be settled without the Court's approval. Plaintiff is not aware of another suit pending against Defendants arising from the same circumstances.

- *Adequate Representation*. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to the vigorous representation of the Class. Plaintiff's counsel, McTigue & Porter LLP, and Rosen Preminger & Bloom LLP are experienced in class action and ERISA litigation. Counsel have agreed to advance the costs of the litigation. Counsel are aware that no fee can be awarded without the Court's approval.

The class is maintainable under Fed. R. Civ. P. 23(b):

- *23(b)(1)*. As an ERISA breach of fiduciary duty action, this action is a classic 23(b)(1) class action. Prosecution of separate actions by individual members would create the risk of (A) inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of

Honorable Richard M. Berman
December 4, 2007
Page 3

> conduct for the defendants opposing the Class, or (B) adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.
>
> - *23(b)(2).* This action is suitable as a class action under 23(b)(2) because the Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final injunctive, declaratory or other appropriate equitable relief with respect to the Class.

It is often said that ERISA claims are particularly well-suited to class certification because defendants have a statutory obligation and fiduciary responsibilities to treat all class members alike. *See In re Citigroup Pension Plan ERISA Litig.*, 241 F.R.D. 172, 179-80 (S.D.N.Y. 2006); *Richards v. FleetBoston Financial Corp.*, 238 F.R.D. 345, 353 (D. Conn. 2006); *see also Coan v. Kaufman*, 457 F.3d 250, 261-62 (2d Cir. 2006) (observing that a suit by a participant on behalf of a plan generally should proceed as a class action). Moreover, it is well established that a class of plans and their respective participants may be certified. *See, e.g., Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229 (2d Cir. 2007); *Paciello v. Unum Life Ins. Co. of America*, 213 F.3d 626 (2d Cir. 2000).

Accordingly, Mr. Beane respectfully requests that the Court grant him leave to file a motion for class certification.

Respectfully submitted,

/s/ Gregory Y. Porter
Gregory Y. Porter
*Attorney for Plaintiff Albert T. Beane, Jr.*

cc:  Thomas A. Arena, Esq.
     Dorothy Heyl, Esq.
     Paul Blankenstein, Esq.
     William J. Kilberg, Esq.