Berman, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
ALBERT T. BEANE, JR., individually and on
behalf of all others similarly situated,

          Plaintiff,

       v.

THE BANK OF NEW YORK MELLON,
BNY CONVERGEX EXECUTION
SOLUTIONS LLC and CALLAN
ASSOCIATES, INC.,

          Defendants.
-------------------------------------------------------x

07-cv-09444 (RMB) (GWG)

MEMO ENDORSED
As amended on
p 10 (par. 19)

### STIPULATION AND ORDER GOVERNING THE PRODUCTION AND USE OF CONFIDENTIAL INFORMATION

WHEREAS, the Parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings that may include, among other things, taking depositions, responding to interrogatories and producing documents for inspection and copying;

WHEREAS, the Parties are engaged in proprietary activities, and the companies involved in the Litigation could be prejudiced if confidential or sensitive commercial, financial, business, or personal information or other highly sensitive confidential information or documents were disclosed publicly;

WHEREAS, these discovery proceedings necessarily involve the production of certain information that the Parties believe to be confidential and sensitive personal, commercial, financial or business information;

WHEREAS, good cause exists for entry of this Order Governing the Production and Exchange of Confidential Information (the "Order"); and

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/31/08

WHEREAS, the entry of this Order will promote the fair and expeditious resolution of this litigation.

IT IS HEREBY ORDERED, pursuant to the Federal Rules of Civil Procedure, that the following Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the Parties and any non-parties to this Litigation in connection with discovery in the Litigation (such information hereinafter referred to as "Discovery Material"), and also shall govern the filing of certain information under seal and certain other matters in connection with this Litigation.

1. For purposes of this Order, Confidential Discovery Material may include, without limitation, all non-public materials containing information related to: financial data or results, business plans or projections, compensation plans, proprietary information, business and marketing information, plans, and strategies, studies or analyses by internal or outside experts, tax data, assets and liabilities, competitive analyses, personnel, personal financial information, or other commercially or personally sensitive or proprietary information. Notwithstanding the foregoing, Confidential Information shall not mean information or documents produced or disclosed that are or will become, without violating this Order, and apart from production or disclosure in connection with the Litigation, a matter of public record or publicly available by law or otherwise.

2. Counsel for any of the Parties may designate any Discovery Material as "Confidential" under the terms of this Order only if such counsel in good faith believes that such Discovery Material contains Confidential Information. The Party designating Discovery Material as "Confidential" shall be referred to for purposes of this Order as the "Designating Party."

3. Any Discovery Material designated as "Confidential," whether such information is provided orally or by a document or in electronic form, shall be maintained as set forth herein, and shall not be disclosed to any person or entity, except as set forth herein.

4. (a) All Discovery Material, whether or not filed with the Court, that contains or makes reference to Confidential Information for which the Designating Party seeks protection under this Order shall be designated as "Confidential" as follows:

(i) Documents or other tangible Discovery Material shall, at the time of their production, be so designated by stamping or labeling the same with the legend "Confidential" on each page containing any Confidential Information.

(ii) Documents or other tangible Discovery Material produced by a non-party to the Litigation shall be so designated by the Designating Party providing written notice, within 10 days of production, to counsel of record for the Parties (and to counsel of record, if any, for the non-party who produced such Documents or other tangible Discovery Material) of the Bates numbers or number range or other sufficiently definite description of the documents to be designated as "Confidential." Counsel shall not permit documents or materials produced by a non-party to be distributed to persons other than those specified in paragraph 6 below until they have been designated in accordance with this paragraph, if requested.

(iii) Deposition testimony shall be designated "Confidential" (A) at the taking of the deposition by a statement on the record, by counsel at the time of such disclosure, or (B) by written notice sent to counsel of record for all Parties within ten (10) business days after receiving a copy of the transcript thereof, identifying the specific pages thereof designated as "Confidential." Counsel shall not permit deposition transcripts to be

3

distributed to persons other than those specified in paragraph 6 below until the relevant period for the designation has expired. The Parties may modify this procedure for any particular deposition through agreement on the record at such depositions without further order of the Court.

(iv) Non-documentary and non-testimonial material, such as oral statements, shall be so designated orally at the time of disclosure and confirmed in writing within ten (10) days.

(b) Inadvertent failure to designate Discovery Material as "Confidential" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such Discovery Material as "Confidential" in a manner consistent with subparagraph (a) of this Paragraph 4. The Party receiving such supplemental written notice shall thereafter mark and treat materials so designated as "Confidential," and such materials shall be fully subject to this Order as if they had been initially so designated. A person disclosing Discovery Material that is subsequently designated as "Confidential" shall in good faith assist the Designating Party in retrieving such Discovery Material from all recipients not entitled to receive such Discovery Material under the terms of this Order and prevent further disclosures except as authorized under the terms of this Order.

5. Except as may otherwise be agreed in writing by the Designating Party or its counsel or as may otherwise be ordered by the Court, all Discovery Material marked or otherwise identified as "Confidential" and received by any of the Parties to the Litigation, or by any other person receiving information pursuant to this Order, (a) shall be disclosed only to such persons and in such manner as set forth in this Order; (b) shall be used solely for the purposes of preparation

4

for and trial of the Litigation or any appeal therefrom; and (c) shall not be used for any other purposes, including, without limitation, any business or commercial purpose.

6. Any Discovery Material designated as "Confidential" and/or any information derived therefrom may be disclosed or made available by counsel for the Party receiving such information only to the following persons:

(a) The Parties to the Litigation (including partners, directors, officers, and employees of Parties);

(b) Counsel to the Parties (outside counsel and in-house counsel), members of their firms, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees, and service vendors of such counsel (including outside copying services and outside litigation support services such as translators and interpreters);

(c) Deposition or trial witnesses;

(d) Outside experts and consultants retained by the Parties; provided, however, that prior to receiving any Discovery Material designated as "Confidential," such outside experts and consultants shall execute an Affidavit of Compliance substantially in the form annexed hereto as Exhibit A;

(e) The Court and any of its staff and administrative personnel, and Court reporters, stenographers employed to take depositions, and any essential personnel retained by the Court; and

(f) Any other person only upon order of the Court or upon stipulation of the Designating Party.

7. Notwithstanding Paragraphs 6(d) above, "Confidential" Discovery Material may be provided to experts or consultants only to the extent necessary for such expert or consultant to

5

prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Litigation.

8. Discovery Material that has been designated as "Confidential" pursuant to the provisions of this Order and that is filed with the Court shall be filed with the Court under seal in accordance with local rules and the Federal Rules of Civil Procedure.

9. Any Party to the Litigation that objects to the continued restriction regarding any document filed under seal pursuant to this Order (the "Objecting Party") shall give written notice of his objection to the Designating Party. If the Designating Party does not agree to lift the restriction within ten (10) days, the Objecting Party may file an application with the Court for a judicial determination as to whether good cause exists for continued restricted access to the document.

10. At any time after the designation of Discovery Material as "Confidential," counsel for the Party receiving such Discovery Material may challenge the confidential designation of any such Discovery Material (or portion of such Discovery Material) by providing to counsel for the Designating Party a written notice of such challenge identifying the documents, transcripts, or other items of information challenged and setting forth the reasons for such challenge. In the event that counsel for the Designating Party does not agree to withdraw its claim of confidentiality, counsel for the Party receiving such Discovery Material may seek an order removing the designation of the material as "Confidential" or permitting limited disclosure of otherwise protected material. The confidential status of the Discovery Material at issue shall be maintained until final ruling by the Court on any motion for de-designation (including the final resolution of any interlocutory appeal from any such ruling). A party shall not be obligated to

challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude subsequent challenge thereto.

11. Entering into, agreeing to, producing, or receiving "Confidential" Discovery Material pursuant to, and/or otherwise complying with the terms of, this Order, or the taking of any action hereunder shall not:

(a) Constitute or operate as an admission by any Party that any particular document, material, testimony, or thing does or does not contain, reflect, or constitute a trade secret or any other type of Confidential Information;

(b) Prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Information;

(c) Prejudice in any way the rights of any Party to object to the relevancy, authenticity, or admissibility into evidence of any document, material, testimony, or thing subject to this Order, or otherwise constitute or operate as an admission by any Party that any particular document, material, testimony, or thing is or is not relevant, authentic, or admissible into evidence at any deposition, at trial, or in a hearing;

(d) Prejudice in any way the rights of a Party to seek a determination by the Court whether any Discovery Material or Confidential Information should be subject to the terms of this Order;

(e) Prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Confidential Information; and/or

(f) Prevent the Parties to this Order from agreeing, in writing, to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

12. This Order has no effect upon, and shall not apply to, the Parties' use of their own Confidential Information, including Discovery Material designated as "Confidential," for any purpose. Nothing herein (i) shall prevent a Party from disclosing "Confidential" Discovery Material to officers, directors, employees, agents, or advisors, including investment bankers and accountants, of the Designating Party; (ii) shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated "Confidential" if such documents, materials, or information was both lawfully obtained by and lawfully retained in the possession of such Party independently of the discovery proceedings in this Litigation.

13. It is the present intention of the Parties that the provisions of this Order shall govern discovery in this Litigation. Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Order, or relief therefrom, by application to the Court on notice to the other Parties hereto.

14. The Parties agree to be bound by the terms of this Order pending the entry of this Order, or an alternative thereto that is satisfactory to all Parties, by the Court.

15. The provisions of this Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom. Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of any Litigation in which "Confidential" Discovery Material is permitted to be used, including the exhaustion of all permissible appeals, all persons and entities having received "Confidential" Discovery Material shall either make a good faith effort to return such material and all copies thereof

(including summaries and excerpts) to counsel for the Designating Party or destroy all such "Confidential" Discovery Material and copies thereof (including summaries and excerpts) and certify that fact to counsel for the Designating Party. Outside counsel for the Parties shall be entitled to retain all filings, court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product (regardless of whether such materials contain or reference Discovery Materials designated as "Confidential" by any Party), provided that such outside counsel, and employees and agents of such outside counsel, shall not disclose any Confidential Information contained or referenced in such materials to any person except pursuant to court order or agreement with the Designating Party. All materials, if any, returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

16. If any person receiving Discovery Material covered by this Order (the "Receiver") (a) is subpoenaed in another action, or (b) is served with a demand in another action to which the Receiver is a party, or (c) is served with any other legal process by one not a party to this Litigation, seeking Discovery Material that was produced or designated as "Confidential" by someone other than the Receiver, the Receiver shall give actual written notice, by hand or facsimile transmission, within three (3) business days of receipt of such subpoena, demand, or legal process, to the Designating Party. The Receiver shall not produce any of the Designating Party's "Confidential" Discovery Material, until the Designating Party gives notice to the Receiver that the Designating Party opposes production of its "Confidential" Discovery Material, and has had a reasonable opportunity to object to the production. The Designating Party shall be solely responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order requiring production of "Confidential" Discovery Material covered by this

Order, or to subject such person to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

17. Any Party seeking enforcement of this Order against any other Party may petition the Court by properly noticed motion, pursuant to this Court's rules applicable to the Litigation, including a concise statement of the specific relief sought.

18. This Order is subject to revocation or modification by order of the Court upon written stipulation of the Parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.*

**STIPULATED AND AGREED TO BY:**

Date: 1/24/08

GIBSON, DUNN & CRUTCHER LLP

By: [signature] Paul Blankenstein
William Kilberg
Paul Blankenstein
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Attorneys for Callan Associates, Inc.*

Date: 1/29/08

MILBANK, TWEED, HADLEY & MCCLOY LLP

By: [signature]
Dorothy Heyl
One Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Attorneys for The Bank of New York Mellon and BNY Convergex Execution Solutions LLC*

*19. THE COURT RETAINS DISCRETION WHETHER TO AFFORD CONFIDENTIAL TREATMENT TO ANY CONFIDENTIAL DOCUMENT OR INFORMATION CONTAINED¹⁰ IN ANY CONFIDENTIAL DOCUMENT SUBMITTED TO THE COURT IN CONNECTION WITH ANY MOTION, APPLICATION, OR PROCEEDING THAT MAY RESULT IN AN ORDER AND/OR DECISION BY THE COURT.  RMB

Date: 1/28/2008

McTIGUE & PORTER LLP

By: _____
Gregory Y. Porter (GP 9607)
5301 Wisconsin Avenue, NW
Suite 350
Washington, DC 20015
Telephone: (202) 364-6900
Facsimile: (202) 364-9960

*Attorneys for Plaintiffs*

Date: 1/30/2008

ROSEN PREMINGER & BLOOM LLP

By: _____ by permission
David S. Preminger (DP 1057)
708 Third Ave, Ste 1600
New York, NY 10017-4123
Tel: (212) 682-1900
Fax: (212) 867-6878

*Attorneys for Plaintiffs*

IT IS SO ORDERED this **30th** day of **January**, 2008

_____RMB_____
District Court Judge

Richard M. Berman

11