# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue  New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com
lblankenstein@gibsondunn.com



**MEMO ENDORSED**

March 18, 2008

> Application (SOPP) granted.
> Any replies limited to 15 pp.
>
> SO ORDERED:
> Date: 3/18/08
> Richard M. Berman, U.S.D.J.

Direct Dial
(202) 955-8693
Fax No.
(202) 530-9559

Client No.
19825-00002

Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street
New York, New York 10007

Re: *Request for Reconsideration [...] v. The Bank of New York Mellon, et al.*

Dear Judge Berman:

I am writing on behalf of counsel for all the defendants. Yesterday, we received notice of your order denying the defendants' motion for additional pages for their Joint Memorandum Of Law In Support Of Their Motion To Dismiss And In Opposition To Plaintiff's Motion To Certify Class Of ERISA Plans. D.E. 31. We sincerely apologize that we misinterpreted the Court's Individual Practice rules and the Court's comments at the December 18th conference.[1] All of the lawyers involved for defendants had assumed that, if the unaffiliated defendants consolidated their arguments in a single brief in the interest of efficiency, a brief of more than 25 pages would be consistent with the Individual Practice rules. This was especially so given that a

---

[1] At that conference, defendants specifically requested relief from the page limitation:
   MR. BLANKENSTEIN: Could we get relief from the page limitation?
   THE COURT: If we need it. Always less is more.

[Footnote continued on next page]

LOS ANGELES   NEW YORK   WASHINGTON, D.C.   SAN FRANCISCO   PALO ALTO
LONDON   PARIS   MUNICH   BRUSSELS   ORANGE COUNTY   CENTURY CITY   DALLAS   DENVER

**GIBSON, DUNN & CRUTCHER LLP**

Honorable Richard M. Berman
March 18, 2008
Page 2

single, combined brief was to be submitted in support of both the defendants' motions to dismiss and in opposition to plaintiffs' motion for class certification. More importantly, we interpreted Your Honor's comments at the last status conference as indicating that Your Honor was generally amenable to granting the parties relief from applicable page limits in the special circumstances presented on these motions.

Defendants recognize that "less" is often "more." But our ability to pare down the overall length of the brief was limited by the Court's direction that all defendants submit a joint, combined brief addressing two largely unrelated matters – whether the case should proceed at all and, if so, whether as a class. The case presents important issues on plaintiff's standing to sue and the sufficiency of the complaint, as well as plaintiff's ability to represent a class of plans and participants other than his own. Indeed, the plaintiff's memorandum in support of his motion for class certification (which is 24 pages long) touches only slightly on the factual and legal issues that the Court would need to address. The portion of the combined brief discussing those issues, which comprises about 37 pages of the total, develops not only the legal issues, but sets out the material facts that demonstrate that plaintiff's putative class lacks sufficient numerosity, and also fatally lacks the commonality/typicality required. Moreover, on both the motion to dismiss and in opposition to class certification, not all of the arguments were common to all defendants. For example, the BNY Defendants had a separate argument as to why the complaint did not set out a claim for relief as to them.

---

[Footnote continued from previous page]

 D.E. 32, Tr. of Oral Argument 5:20-22 (Dec. 18, 2007). Subsequently, the Court observed in this regard: "Why don't you wait for page limits to see what exactly you think [the brief] is going to look like." *Id.* at 8:19-20.

GIBSON, DUNN & CRUTCHER LLP

Honorable Richard M. Berman
March 18, 2008
Page 3

Counsel worked diligently to coordinate among ourselves and with our respective clients to produce an integrated brief presenting all arguments relevant to both plaintiff's motion for class certification and defendants' motion to dismiss. Up until the filing date, counsel spent significant time editing and paring down the brief to a manageable size, consistent with our obligation to present our arguments in a comprehensive, intelligent manner. As a result, we did not know exactly how many pages would be required until shortly before the combined joint brief was to be filed. We fully understand the Court's direction that we do better and submit a leaner brief. In that regard, defendants respectfully request that the Court allow them fifty pages for the joint, combined brief,[2] rather than the forty pages the Court indicated it would entertain. After concentrated, but careful consideration, counsel for the defendants believe that trying to reduce their arguments to forty pages would not only be prejudicial to their respective interests, but also a disservice to the Court in its consideration of the issues presented by both motions. A forty-page memorandum would force defendants to abandon some arguments and/or so curtail others as to make them all but unintelligible.

Counsel for the defendants are available to address this request further in a telephone conference or in person if the Court believes that a conference would be of help.

Respectfully submitted,

Paul Blankenstein
*Counsel for Callan Associates, Inc.*

cc:    Gregory Y. Porter, Esq.
       Thomas A. Arena

---

[2] Briefs totaling 50 pages are what the defendants would be authorized to file under the Court's Individual Practice rules if they filed separate joint briefs on each of the two motions before the Court.