# MILBANK, TWEED, HADLEY & McCLOY LLP

1 CHASE MANHATTAN PLAZA

NEW YORK, N.Y. 10005-1413

212-530-5000
FAX: 212-530-5219

LOS ANGELES
213-892-4000
FAX: 213-629-5063

WASHINGTON, D.C.
202-835-7500
FAX: 202-835-7586

LONDON
020-7615-3000
FAX: 020-7615-3100

FRANKFURT
49-69-71914-3400
FAX: 49-69-71914-3500

MUNICH
49-89-25559-3600
FAX: 49-89-25559-3700

THOMAS A. ARENA
PARTNER
DIRECT DIAL NUMBER
212-530-5828
E-MAIL: tarena@milbank.com

BEIJING
8610-5123-5120
FAX: 8610-5123-5191

HONG KONG
852-2971-4888
FAX: 852-2840-0792

SINGAPORE
65-6428-2400
FAX: 65-6428-2500

TOKYO
813-3504-1050
FAX: 813-3595-2790

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/9/08

**MEMO ENDORSED**

April 4, 2008

**BY HAND**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street -- Room 650
New York, New York 10007

Re: Beane v. The Bank of New York Mellon, et al.
    Civ. No. 07-9444

Dear Judge Berman:

[Handwritten endorsement: Application for extension(s) granted on consent.

SO ORDERED:
Date: 4/9/08
Richard M. Berman, U.S.D.J.]

Consistent with our colloquy with the Court at the December 18, 2007 conference, I am writing on behalf of counsel for all the parties to request an extension of the discovery deadline, which is presently scheduled for April 30, 2008. Pending before the Court are defendants' motion to dismiss the complaint and plaintiff's motion for class certification. Briefing on these motions is currently scheduled to be completed on April 11, 2008, just three weeks before the current discovery deadline. As discussed further below, depending on how the Court decides these outstanding motions, the parties may need to engage in substantial additional discovery at least with respect to plaintiff's theory of damages. To that end, the parties are jointly requesting an extension of the discovery deadline to July 31, 2008, to be followed by a 45-day period for expert discovery, to be concluded by September 15, 2008.

NY2:#4784150

Hon. Richard M. Berman
April 4, 2008

As Your Honor is aware, this is a factually and legally complex matter involving claims under the ERISA statute brought on behalf of a putative class of ERISA pension plans that retained Callan Associates, Inc. ("Callan") as an investment consultant and BNY ConvergEx Execution Solutions LLC ("BNY ConvergEx") as a broker. Among the relief sought by plaintiff is the recovery, on behalf of the putative class, of a portion of the fees and/or commissions paid to Callan and to BNY ConvergEx from 1998 to 2006. One of plaintiff's damages theories is that, had the ERISA plans in the putative class retained a brokerage firm other than BNY ConvergEx to perform their securities transactions during the relevant eight-year period, the plans would have received either better execution of some or all of their securities transactions or better commission rates, or both. Defendants, of course, will seek to rebut any such argument by establishing that Callan and BNY ConvergEx received reasonable compensation in exchange for the services they provided to each plan, and that no plan suffered any damages as a result of defendants' alleged wrongful conduct.

While engaging in motion practice, the parties contemporaneously conducted extensive discovery relevant to liability and class issues. Both sides have made substantial document productions: defendants have produced tens of thousands of pages of documents covering their relationships with dozens of ERISA pension plans; and plaintiff also has made a sizeable document production. In addition, all parties have responded to requests for interrogatories and admissions in an effort to identify and minimize the number of factual and legal issues in dispute in this case. In conducting this discovery, the parties have endeavored to work cooperatively and efficiently.

Notwithstanding the substantial discovery conducted by the parties to date, a decision by the Court denying defendants' motion to dismiss and granting plaintiff's motion for class certification would require the parties to engage in significant, additional fact and expert

2

Hon. Richard M. Berman
April 4, 2008

discovery. In some cases, BNY ConvergEx executed hundreds of transactions for the ERISA plans plaintiff seeks to include in his proposed class. Certification of plaintiff's proposed class would likely require the parties to engage in a time-consuming and expensive analysis of the securities transactions executed by the putative class members during the relevant period. Such discovery would focus on the quality of the brokerage services provided by BNY ConvergEx -- e.g., whether transactions were consistent with the principles of "best execution" -- and the reasonableness of commissions paid to BNY ConvergEx. If on the other hand, the Court granted the motion to dismiss or denied the class certification motion, those efforts would be unnecessary.

In view of the foregoing, the parties jointly request an extension of the fact discovery deadline from April 30, 2008, to July 31, 2008, to be followed by a 45-day period for the conduct of expert discovery, to be concluded on September 15, 2008. We believe that this request is consistent with our discussions with the Court at the December 18 conference and would not unduly delay resolution of this matter.[1] Counsel for the parties are available to address this issue further either in a telephone call or in person should the Court desire.

                              Respectfully submitted,

                              Thomas A. Arena

cc:    Paul Blankenstein, Esq. (Counsel for Callan Associates, Inc.)
        Gregory Porter, Esq. (Counsel for Albert T. Beane, Jr.)

---

[1] At the December 18, 2007 conference, the Court advised the parties that it would be "receptive" to a request for an extension of the discovery deadline. D.E. 32. Tr. of 12/18/07 Conf., at 9-10 (stating in response to a suggestion that the parties might need to request an extension of the discovery deadline, "I will be receptive. It is a little bit of an [ambitious] timetable so if you need more time there, maybe you could talk together at the appropriate time and see what you need.").

3