

## McTigue & Porter LLP
5301 Wisconsin Avenue, NW
Suite 350
Washington, D.C. 20015
(202) 364-6900
Fax: (202) 364-9960

April 21, 2008

**By First Class Mail**



Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    **Re:**   *Beane v. The Bank of New York Mellon, et al., Civ. No. 07-9444*

Dear Judge Berman:

      Pursuant to your Honor's individual practice 2(E), I am writing to say that plaintiff agrees with defendants' position that the adjudication of the pending motions would benefit from oral argument.

      I also write pursuant to your Honor's individual practice 2(A) to request a pre-motion conference on plaintiff's motion for leave to amend his complaint. The proposed amendment would be the first and defendants' have not filed a responsive pleading. Plaintiff seeks leave to amend because evidence uncovered during the course of discovery establishes that defendants BNY ConvergEx Execution Solutions LLC ("BNY Brokerage") and Bank of New York Mellon ("BNY") (collectively "BNY Defendants") were fiduciaries to the Federal-Mogul Corporation Pension Plan (the "Pension Plan"). More specifically, documents produced by BNY Defendants establish (1) that they acknowledged their fiduciary status to client pension plans, and (2) their

Honorable Richard M. Berman
April 21, 2008
Page 2

institutional brokerage services involved a great deal of discretionary control and authority over

pension plan assets.  Although the initial date set by the Court for amendments to the pleadings

has passed, evidence that only became available through discovery is both grounds for allowing

the amendment and good cause for adjusting the scheduling order, as the Court has already done.

*See Journal Pub. Co. v. Am. Home Ass. Co.*, 771 F.Supp. 632, 636-37 (S.D.N.Y. 1991) (although

there had been "considerable" delay between the date of the original complaint and the proposed

amendment, amendment was permitted where based in part on facts developed during

discovery.)  BNY Defendants are not prejudiced by the amendment because the new allegations

against them as fiduciaries arise from the same operative facts and statute as those alleged in the

extant complaint.  *Cf. Ansam Assocs., Inc. v. Cola Petroleum Ltd.*, 760 F.2d 442, 446 (2d. Cir.

1985) (where proposed complaint added allegations covering different time period and claims

under different statute, amendments set forth entirely different operative facts of which it could

not be said defendants were on fair notice from prior complaint and therefore court denied leave

to amend.)  Further, the amendment will not cause undue delay because discovery has not been

completed, no depositions have been taken, and additional discovery related to plaintiff's

allegations that BNY Defendants were fiduciaries can be completed within the deadline set by

the Court.  *See Richardson, Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir.

1987).

Plaintiff also notes that his proposed complaint likely moots BNY Defendants' defenses

to plaintiff's claim under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), because plaintiff will seek

relief under ERISA §502(a)(2), 29 U.S.C. §1132(a)(2), and ERISA §409, 29 U.S.C. §1109,

which, together, explicitly authorize suits against fiduciaries for losses, disgorgement of profits,

and other equitable relief.  Assuming plaintiff's allegations that BNY Defendants were

Honorable Richard M. Berman
April 21, 2008
Page 3

fiduciaries survive, the Court would not need to rule on the somewhat opaque and unsettled

issues of law surrounding the scope of remedies available against non-fiduciaries under

§502(a)(3), 29 U.S.C. §1132(a)(3).

In advance of the pre-motion conference, plaintiff will provide to defendants a proposed

amended complaint to determine whether defendants will stipulate to the amendment.

Accordingly, plaintiff respectfully requests that the Court grant him leave to file a motion

to amend his complaint.

Respectfully submitted,

*Gregory Y. Porter*

Gregory Y. Porter
*Attorney for Plaintiff Albert T. Beane, Jr.*

cc:     Thomas A. Arena, Esq.
        Dorothy Heyl, Esq.
        Paul Blankenstein, Esq.
        William J. Kilberg, Esq.

No motion at this time. Pl was given the opportunity to amend prior to the filing of the pending motion to dismiss. Mr Porter should review his notes of the 12/18/07 conference. We can discuss on May 1, '08. Work on settlement

SO ORDERED:
Date: 4/23/08          *Richard M. Berman*
                        Richard M. Berman, U.S.D.J.

before the Conference.