# Exhibit C

First Amended Responses of Plaintiff Albert T. Beane, Jr., To Defendant Callan Associates, Inc.'s First Set Of Requests For Admission

Case 1:07-cv-09444-RMB-GWG    Document 54-5    Filed 05/30/2008    Page 1 of 7

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERT T. BEANE, JR., § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> THE BANK OF NEW YORK MELLON, BNY § <br> CONVERGEX EXECUTION SOLUTIONS LLC § <br> AND CALLAN ASSOCIATES, INC. § <br> § <br> *Defendants.* § | Case No. 1:07-cv-09444-RMB |

_____

**FIRST AMENDED RESPONSES OF PLAINTIFF ALBERT T. BEANE, JR., TO DEFENDANT CALLAN ASSOCIATES, INC.'S FIRST SET OF REQUESTS FOR ADMISSION**
_____

Pursuant to Fed. R. Civ. P. 36(a), Plaintiff Albert T. Beane, Jr., provides the following amended objections and answers to Defendant Callan Associates, Inc.'s First Set of Requests for Admission.

**RESPONSES TO REQUESTS FOR ADMISSION**

*1.     Please admit that, although you are a participant in the Pension Plan, you have not yet applied to receive pension benefits from the Pension Plan.*

Response:     Admitted.

*2.     Please admit that, although you are a participant in the Pension Plan, you are not yet qualified to receive benefits under the terms of the Pension Plan.*

Response:     To the extent that the term "qualified" as used in this Request means "eligible," Plaintiff admits that he has not yet reached normal retirement age nor become disabled in such a way as to make him eligible to receive benefits. Plaintiff further responds that he will be eligible to receive benefits upon reaching the appropriate age or becoming disabled.

     3.    *Please admit that you currently have no reason to believe that if and when you apply for benefits from the Pension Plan, and if you are deemed qualified to receive benefits under the Pension Plan, the Pension Plan will not be able to pay you the benefits to which you are entitled to under the Pension Plan.*

Response:    Plaintiff objects to this Request because it does not require Plaintiff to admit to the truth of any matter falling within the scope of Fed. R. Civ. P. 26(b)(1). Without waiving said objection, Plaintiff further responds that he denies this Request. While Plaintiff cannot be expected to know the course of future events, Plaintiff believes that many things could happen that would interfere with the payments due to him under the Pension Plan. For example, the Plan may become severely under-funded and Federal-Mogul could become insolvent. In addition, those responsible for payment of benefits could wrongfully withhold payments due to Plaintiff.

     4.    *Please admit that if the assets of the Pension Plan are not sufficient to pay you the benefits to which you would be entitled to under the Pension Plan – if and when you qualify for such benefits – Federal Mogul as plan sponsor would be obligated to make contributions to the Pension Plan sufficient to allow the Pension Plan to pay the promised benefits.*

Response:    Plaintiff objects to this Request because it does not require Plaintiff to admit to the truth of any matter falling within the scope of Fed. R. Civ. P. 26(b)(1). Without waiving said objection, Plaintiff admits that if were now eligible to receive benefits, given Plaintiff's understanding of the current state of the law, Federal-Mogul would be obligated to make the described contributions if the Pension Plan were unable to pay Plaintiff's benefits. Plaintiff further responds, however, that any number of events could eliminate that obligation in the future, including discharge of Federal-Mogul's obligations in bankruptcy.

     5.    *Please admit that you currently have no reason to believe that if the circumstances described in RFA 4 come to pass, Federal Mogul will not be able to meet its funding (contribution) obligations to the Pension Plan.*

Response:    Plaintiff objects to this Request because it does not require Plaintiff to admit to the truth of any matter falling within the scope of Fed. R. Civ. P. 26(b)(1). Without waiving said objection, Plaintiff further responds that he denies this Request. While Plaintiff cannot be expected to know the course of future events, Plaintiff believes that many things could happen that would interfere with Federal-Mogul's obligations to make contributions to the Pension Plan sufficient to allow the Pension Plan to pay the promised benefits. For example, Federal-Mogul could become insolvent and have this obligation discharged in a bankruptcy proceeding.

     6.    *Please admit that if the Pension Plan had not selected BNY ConvergEx as its broker, it would have selected another brokerage company to provide brokerage services.*

Response:    Plaintiff can neither admit nor deny anything about what the Pension Plan would have done if it had not selected BNY ConvergEx Execution Solutions LLC ("BNY ConvergEx") as its broker. Plaintiff has made a reasonable review of the documents within his control (*see T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997), and the information known or readily obtainable by him is insufficient to enable him to admit or deny the matters set forth in this Request.

     7.    *Please admit that another broker would have charged the Pension Plan for brokerage services provided to the Pension Plan.*

Response:    Plaintiff admits that assuming another broker had been retained, that broker likely would have received some form of compensation to provide brokerage services to the Pension Plan.

3

      8.    *Please admit that you have no reason to believe that the fees another broker would have charged the Pension Plan would have been less than the amounts the Pension Plan has paid to BNY ConvergEx.*

Response:    Plaintiff objects to this Request because it does not require Plaintiff to admit to the truth of any matter falling within the scope of Fed. R. Civ. P. 26(b)(1).  Without waiving said objection, Plaintiff further responds that he denies this Request.  Unless BNY ConvergEx received no compensation at all from the Pension Plan, another broker could have charged less.  Moreover, Plaintiff notes that a comparison between the brokerage fees charged by BNY ConvergEx and the brokerage fees charged by other brokers is a subject for expert testimony.

      9.    *Please admit that you have no reason to believe that the quality of the broker services from some other broker would have been superior to the quality of the broker services the Pension Plan received from BNY ConvergEx.*

Response:    Plaintiff objects to this Request because it does not require Plaintiff to admit to the truth of any matter falling within the scope of Fed. R. Civ. P. 26(b)(1).  Without waiving said objection, Plaintiff further responds that he denies this Request.  Another broker could have provided services of a superior quality.

      10.    *Please admit that Callan amended its ADV in September 2005 to disclose the contingent compensation arrangement with BNY ConvergEx under the Services Agreement.*

Response:    Plaintiff can neither admit nor deny anything about the purpose for which Defendant Callan Associates, Inc. ("Callan") may have done anything with regard to its ADV in September 2005.  Plaintiff has made a reasonable review of the documents within his control (*see T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 43

4

(S.D.N.Y. 1997), and the information known or readily obtainable by him is insufficient to enable him to admit or deny the matters set forth in this Request.

  11. *Please admit that the document attached hereto as Exhibit 1 is a true and correct copy of Callan's amended ADV.*

Response: Defendant failed to attach an Exhibit 1.  Moreover, Plaintiff can neither admit nor deny whether a document purportedly produced by Defendant is a true and correct copy of that document.

  12. *Please admit that the Pension Plan and/or Federal Mogul were provided the amended ADV.*

Response: Plaintiff can neither admit nor deny whether the Pension Plan and/or Federal-Mogul were provided an amended ADV.  Plaintiff has made a reasonable review of the documents within his control (*see T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997), and the information known or readily obtainable by him is insufficient to enable him to admit or deny the matters set forth in this Request.

  13. *Please admit that after Callan amended the ADV the Pension Plan continued to retain BNY ConvergEx as its broker.*

Response: Plaintiff can neither admit nor deny whether Callan amended the ADV, and therefore Plaintiff can neither admit nor deny whether the Pension Plan continued to retain BNY ConvergEx as its broker after the ADV was supposedly amended.  Plaintiff has made a reasonable review of the documents within his control (*see T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997), and the information known or readily obtainable by him is insufficient to enable him to admit or deny the matters set forth in this Request.

*14.    Please admit that you are not a participant in any other Plan that is a member of the putative class you seek to represent.*

Response:    Plaintiff objects to this Request because it does not require Plaintiff to admit to the truth of any matter falling within the scope of Fed. R. Civ. P. 26(b)(1).  Without waiving said objection, Plaintiff further responds that he admits this Request.

*15.    Please admit that you have no knowledge of the circumstances regarding the selection of BNY ConvergEx by any other plan that is a member of the putative class you seek to represent.*

Response:    Denied.  Plaintiff knows that any other plan that selected BNY ConvergEx did so at a time when Defendants had not publicly disclosed the contingent nature of a portion of the payments made by Defendant The Bank of New York Mellon to Defendant Callan.

DATED:  Washington, DC
             This 21st day of February, 2008

**McTIGUE & PORTER LLP**

By:/s/ Gregory Y. Porter
Gregory Y. Porter (GP 9605)
5301 Wisconsin Avenue, NW
Suite 350
Washington, DC  20015
Tel:  (202) 364-6900
Fax: (202) 364-9960

David S. Preminger (DP 1057)
ROSEN PREMINGER & BLOOM LLP
708 Third Ave, Ste 1600
New York, NY 10017-4123
Tel:  (212) 682-1900
Fax: (212) 867-6878

*Attorneys for Plaintiffs*