## MILBANK, TWEED, HADLEY & McCLOY LLP

### 1 CHASE MANHATTAN PLAZA
### NEW YORK, N.Y. 10005-1413

**LOS ANGELES**
213-892-4000
FAX: 213-629-5063

**WASHINGTON, D.C.**
202-835-7500
FAX: 202-835-7586

**LONDON**
020-7615-3000
FAX: 020-7615-3100

**FRANKFURT**
49-69-71914-3400
FAX: 49-69-71914-3500

**MUNICH**
49-89-25559-3600
FAX: 49-89-25559-3700

212-530-5000
FAX: 212-530-5219

**THOMAS A. ARENA**
PARTNER
DIRECT DIAL NUMBER
212-530-5828
E-MAIL: tarena@milbank.com

**BEIJING**
8610-5123-5120
FAX: 8610-5123-5191

**HONG KONG**
852-2971-4888
FAX: 852-2840-0792

**SINGAPORE**
65-6428-2400
FAX: 65-6428-2500

**TOKYO**
813-3504-1050
FAX: 813-3595-2790

USDSNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/03/08

**MEMO ENDORSED**

June 2, 2008

**BY HAND**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street -- Room 650
New York, New York  10007

*Discuss with Judge Gorenstein*

> Re:    Beane v. The Bank of New York Mellon et al.
>        Civ. No. 07-9444 (S.D.N.Y.)

Dear Judge Berman:

I am writing on behalf of counsel for all of the parties to request a

SO ORDERED:
Date: 6/3/08

Richard M. Berman, U.S.D.J.

modification of the discovery schedule in the above-referenced matter.  The current schedule

calls for the parties to conclude fact discovery by July 31, 2008, and expert discovery by

September 15, 2008.  Thus far, the parties have been participating in fact discovery on all fronts,

and have noticed numerous depositions to take place in the near future.  This schedule, however

was set before plaintiff filed an amended complaint on May 8, 2008.[1]  Because the new

allegations and claims in the amended complaint substantially broaden the factual issues in

dispute, the parties are requesting a modification of the discovery schedule, as set forth below.

---

[1]  Currently, the parties are the process of briefing motions to dismiss and for class certification
with respect to the amended complaint.  Those motions will be fully submitted on June 30, 2008.

Hon. Richard M. Berman
June 2, 2008

   As Your Honor is aware, this action involves ERISA claims brought on behalf of a putative class of approximately 75 pension plans against The Bank of New York Mellon and BNY ConvergEx Execution Solutions Group LLC (collectively, the "BNY Defendants"), and Callan Associates, Inc.  The amended complaint is predicated, in part, on new allegations that the BNY Defendants acted as fiduciaries to the pension plans in plaintiff's proposed class. Contemporaneously with the filing of the amended complaint, plaintiff served the BNY Defendants with supplemental discovery requests directed to these new allegations, which relate to securities transactions the BNY Defendants executed on behalf of each of the plans dating back to November 1998.

   These new allegations will significantly affect the scope of discovery.  The factual issue of whether the BNY Defendants acted as a fiduciary for these plans will turn, in part, on whether the BNY Defendants exercised discretionary authority or control over plan assets and whether they acted pursuant to specific instructions from investment managers in executing securities transactions on behalf of the plans.  *See* 29 C.F.R. § 2510.3-21(d).  Information relating to each securities transaction executed by the BNY Defendants will also be relevant to whether the BNY Defendants received reasonable compensation for the services they provided to the pension plans.  This discovery will be a significant undertaking in both time and resources. Among other things, it will require the BNY Defendants to produce substantial amounts of data from off-line electronic storage devices containing trade information for each of the 75 plans in the proposed class over the eight-year class period.

   It will be very difficult for the parties to complete the necessary discovery within the confines of the existing schedule.  Moreover, depending on the outcome of the pending motions, it may prove to be unnecessary for the parties to engage in the voluminous and time-consuming discovery into the individual securities transactions executed on behalf of the plans.

Hon. Richard M. Berman
June 2, 2008

Specifically, if the Court denies plaintiff's motion for class certification or grants defendants'

motion to dismiss, both of which are in the process of being briefed, the parties will be able to

avoid some, if not all, of this additional discovery.

        In view of the foregoing, the parties jointly request that the Court modify the

current discovery schedule to bifurcate fact discovery into two phases. In the proposed first

phase, the parties would continue, as they have been doing, to engage in vigorous discovery

relating to all issues of liability and damages, except those that would involve inquiry in the

individual securities transactions executed on behalf of the plans in plaintiff's proposed class.

Discovery into the plans' individual securities transactions would be deferred until the proposed

second phase of discovery. Under the parties' proposal, the second phase of fact discovery

would not begin until a decision on plaintiff's outstanding motion for class certification or

defendants' motion to dismiss made such discovery necessary. The parties would be prepared to

conduct any second phase of fact discovery as expeditiously as practicable.[2] The parties would

also request that expert discovery be scheduled to conclude 45 days after the end of the second

phase of fact discovery.

        The parties are available to discuss this matter further with Your Honor, either in

person or telephonically, as the Court desires. Thank you very much for your consideration of

this request.

                    Respectfully submitted,

                    Thomas A. Arena

cc:    Paul Blankenstein, Esq. (Counsel for Callan Associates, Inc.)
       Gregory Porter, Esq. (Counsel for Albert T. Beane, Jr.)

---

[2]    Alternatively, the parties request an extension of the discovery deadline for two months to afford the parties adequate time to address the issues raised in plaintiff's amended complaint.