# Exhibit 7



52 FR 38400-01                                                                    Page 1
52 FR 38400-01, 1987 WL 154624 (F.R.)
**(Cite as: 52 FR 38400)**

RULES and REGULATIONS

SECURITIES AND EXCHANGE COMMISSION

17 CFR 276

[Rel. No. IA-1092]

Applicability of the Investment Advisers Act to Financial Planners, Pension
Consultants, and Other Persons Who Provide Investment Advisory Services as a
Component of Other Financial Services

Friday, October 16, 1987

**\*38400** ACTION: Statement of staff interpretive position.

SUMMARY: The Commission is publishing the views of the staff of the Division of
Investment Management on the applicability of the Investment Advisers Act of 1940
to financial planners and other persons who provide investment advice as a
component of other financial services.  The views expressed in this statement were
developed jointly by Division staff and the North American Securities.
Administrators Association, Inc. ("NASAA") to update Investment Adivsers Act
Release No. 770 and provide uniform interpretations of the application of federal
and state adviser laws to financial planners and other persons.  The revised
statement clarifies, among other things, the "business" element of the definition
of investment adviser.

FOR FURTHER INFORMATION CONTACT:A. Thomas Smith III, Attorney, (202) 272-2030
Office of the Chief Counsel, Division of Investment Management, Securities and
Exchange Commission, 450 Fifth Street, NW., Washington, DC 20549.

SUPPLEMENTARY INFORMATION: Since the **\*38401**Commission published Investment
Advisers Act Rel. No. 770 (Aug. 13, 1981) ("IA-770"), the Commission and NASAA have
worked together to promote more uniform regulation of investment advisers under
federal and state securities laws.  At the federal level, advisers are regulated
under the Investment Advisers Act of 1940 ("Advisers Act").  Approximately 40
states regulate the activities of advisers under state adviser laws that typically
are substantially similar to the Advisers Act. The staff of the Division and the
NASAA Financial Planner/Investment Advisers Committee jointly developed the views
stated in this release to provide uniform interpretations about the applicability
of federal and state adviser laws to the activities of financial planners and other
persons.  While the views being published are based substantially on IA-770, this
release revises IA-770 in some respects.  Specifically, the revised release
provides additional guidance on the fiduciary responsibilities of advisers,
clarifies the "business" element of the definition of investment adviser, and
supplements the views contained in IA-770 by references to interpretive letters

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

52 FR 38400-01                                                                                    Page 2
52 FR 38400-01, 1987 WL 154624 (F.R.)
**(Cite as: 52 FR 38400)**

issued by the Division since IA-770 was published.

I. Background

 Financial planning typically involves providing a variety of services, principally advisory in nature, to individuals or families regarding the management of their financial resources based upon an analysis of individual client needs. Generally, financial planning services involve preparing a financial program for a client based on the client's financial circumstances and objectives. This information normally would cover present and anticipated assets and liabilities, including insurance, savings, investments, and anticipated retirement or other employee benefits. The program developed for the client usually includes general recommendations for a course of activity, or specific actions, to be taken by the client. For example, recommendations may be made that the client obtain insurance or revise existing coverage, establish an individual retirement account, increase or decrease funds held in savings accounts, or invest funds in securities. A financial planner may develop tax or estate plans for clients or refer clients to an accountant or attorney for these services.

 The provider of such financial planning services in most cases assists the client in implementing the recommended program by, among other things, making specific recommendations to carry out the general recommendations of the program, or be selling the client insurance products, securities, or other investments. The financial planner may also review the client's program periodically and recommend revisions. Persons providing such financial planning services use various compensation arrangements. Some financial planners charge clients an overall fee for developing an individual client program while others charge clients an hourly fee. In some instances financial planners are compensated, in whole or in part, by commissions on the sale to the client of insurance products, interests in real estate, securities (such as common stocks, bonds, limited partnership interests, and mutual funds), or other investments.

 A second common form of service relating to financial matters is provided by "pension consultants" who typically offer, in addition to administrative services, a variety of advisory services to employee benefit plans and their fiduciaries based upon an analysis of the needs of the plan. These advisory services may include advice as to the types of funding media available to provide plan benefits, general recommendations as to what portion of plan assets should be invested in various investment media, including securities, and, in some cases, recommendations regarding investment in specific securities or other investments. Pension consultants may also assist plan fiduciaries in determining plan investment objectives and policies and in designing funding media for the plan. They may also provide general or specific advice to plan fiduciaries as to the selection or retention of persons to manage the assets of the plan. [FN1] . Persons providing these services to plans are customarily compensated for their services through fees paid by the plan, its sponsor, or other persons;  by means of sales commissions on the sale of insurance products or investments to the plan;  or through a combination of fees and commissions.

   FN1 The authority to manage all or a portion of a plan's assets often is delegated to a person who qualifies as an "investment manager" under the Employee

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

52 FR 38400-01                                                                Page 3
52 FR 38400-01, 1987 WL 154624 (F.R.)
**(Cite as: 52 FR 38400)**

Retirement Income Security Act of 1974 [29 U.S.C. 1001 et seq.]. Under that statute, which is applicable to private sector pension and welfare benefit plans, an "investment manager" must be a registered investment adviser under the Advisers Act, a bank as defined in the Advisers Act, or an insurance company that is qualified to perform services as an investment manager under the laws of more than one State.

 Another form of financial advisory service is that provided by persons offering a variety of financially related services to entertainers or athletes based upon the needs of the individual client.  Such persons, who often use the designation "sports representative" or "entertainment representative," offer a number of services to clients, including the negotiation of employment contracts and development of promotional opportunities for the client, as well as advisory services related to investments, tax planning, or budget and money management. Some persons providing these services to clients may assume discretion over all or a portion of a client's funds by collecting income, paying bills, and making investments for the client.  Sports or entertainment representatives are customarily compensated for their services primarily through fees charged for negotiation of employment contracts but may also receive compensation in the form of fixed charges or hourly fees for other services provided, including investment advisory services.

 There are other persons who, while not falling precisely into one of the foregoing categories, provide financial advisory services.  As discussed below, financial planners, pension consultants, sports or entertainment representatives or other persons providing financial advisory services, may be investment advisers within the meaning of the Advisers Act, state adviser laws, or both.

II. Status as an Investment Adviser

A. *Definition of Investment Adviser*

 Section 202(a)(11) of the Advisers Act defines the term "Investment adviser" to mean:

 * * * any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or selling securities, or who, for compensation and as part of a regular business, issues or promulgates analyses or reports concerning securities * * *.

 Whether a person providing financially related services of the type discussed in this release is an investment adviser within the meaning of the Advisers Act depends upon all the relevant facts and circumstances.  As a general matter, if the activities of any person providing integrated advisory services satisfy the elements of the definition, the person would be an investment adviser within the meaning of the Advisers Act, unless entitled to rely on one of the exclusions from the definition of investment adviser in **\*38402** clauses (A) to (F) of section 202(a)(11). [FN2]  A determination as to whether a person providing financial planning, pension consulting, or other integrated advisory services is an investment adviser will depend upon whether such person:  (1) Provides advice, or

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

52 FR 38400-01                                                                                          Page 4
52 FR 38400-01, 1987 WL 154624 (F.R.)
**(Cite as: 52 FR 38400)**

issues reports or analyses, regarding securities; (2) is in the business of providing such services; and (3) provides such services for compensation. These three elements are discussed below.

FN2 See discussion of section 202(a)(11) (A) to (F) in section IIB, infra.

1. Advice or Analyses Concerning Securities

It would seem apparent that a person who gives advice or makes recommendations or issues reports or analyses with respect to specific securities is an investment adviser under section 202(a)(11), assuming the other elements of the definition of investment adviser are met, i.e., that such services are performed as a part of a business and for compensation. However, it has been asked on a number of occasions whether advice, recommendations, or reports that do not pertain to specific securities satisfy this element of the definition. The staff believes that a person who provides advice, or issues or promulgates reports or analyses, which concern securities, but which do not relate to specific securities, generally is an investment adviser under section 202(a)(11), assuming the services are performed as part of a business [FN3] and for compensation. The staff has interpreted the definition of investment adviser to include persons who advise clients concerning the relative advantages and disadvantages of investing in securities in general as compared to other investments. [FN4] A person who, in the course of developing a financial program for a client, advises a client as to the desirability of investing in, purchasing or selling securities, as opposed to, or in relation to, any non-securities investment or financial vehicle would also be "advising" others within the meaning of section 202(a)(11). [FN5] Similarly, a person who advises employee benefit plans on funding plan benefits by investing in, purchasing, or selling securities, as opposed to, or in addition to, insurance products, real estate not involving securities, or other funding media, would be "advising" others within the meaning of section 202(a)(11). A person providing advice to a client as to the selection or retention of an investment manager or managers also, under certain circumstances, would be deemed to be "advising" others within the meaning of section 202(a)(11). [FN6]

FN3 In this regard, as discussed in detail below, it is the staff's view that a person who gives advice or prepares analyses concerning securities generally may, nevertheless, not be "in the business" of doing so and, therefore, will not be considered an "investment adviser" as that term is used in section 202(a)(11).

FN4 See, e. g., Richard K. May (pub. avail. Dec. 11, 1979).

FN5 See, e. g., Thomas Beard (pub. avail. May 8, 1975); Sinclair-deMarinis Inc. (pub. avail. May 1, 1981).

FN6 See, e. g., FPC Securities Corp. (pub. avail. Dec. 1, 1974) (program to assist client in selection and retention of investment manager by, among other things, recommending investment managers to clients, monitoring and evaluating the performance of a client's investment manager, and advising client as to the retention of such manager); William Bye Co. (pub. avail. Apr. 26, 1973) (program involving recommendations to client as to selection and retention of investment manager based upon client's investment objectives and periodic monitoring and

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

evaluation of investment manager's performance).  On occasion in the past the staff has taken no-action positions with respect to certain situations involving persons providing advice to clients as to the selection or retention of investment managers. See, e. g., Sebastian Associates, Ltd., (pub. avail.  Aug. 7, 1975) (provision of assistance to clients in obtaining and coordinating the services of various professionals such as tax attorneys and investment advisers, including referring clients to such professionals, in connection with business as agent for clients with respect to negotiation of employment and promotional contracts); Hudson Valley Planning Inc. (pub. avail.  Feb. 25, 1978) (provision of names of several investment managers to client upon request, without recommendation, in connection with business of providing administrative services to employee benefit plans.)

2. The "Business" Standard

 Under section 202(a)(11), an investment adviser is one who, for compensation, (1) engages in the business of advising others as to the value of securities or as to the advisability of investing in, purchasing, or selling securities, or, alternatively, (2) issues or promulgates reports or analyses concerning securities as part of a regular business.  Each of these two alternatives in the statutory definition of investment adviser contains a business test--one involves "engaging in the business" of advising others while the other involves issuing reports about securities as "part of a regular business." While the "business" standards established under section 202(a)(11) are phrased somewhat differently, it is the staff's opinion that they should be interpreted in the same manner.  In both cases, the determination to be made is whether the degree of the person's advisory activities constitutes being "in the business" of an investment adviser.  The giving of advice need not constitute the principal business activity or any particular portion of the business activities of a person in order for the person to be an investment adviser under section 202(a)(11).  The giving of advice need only be done on such a basis that it constitutes a business activity occurring with some regularity.  The frequency of the activity is a factor, but is not determinative.

 Whether a person giving advice about securities for compensation would be "in the business" of doing so, depends upon all relevant facts and circumstances. The staff considers a person to be "in the business" of providing advice if the person:  (i) Holds himself out as an investment adviser or as one who provides investment advice, (ii) receives any separate or additional compensation that represents a clearly definable charge for providing advice about securities, regardless of whether the compensation is separate from or included within any overall compensation, or receives transaction-based compensation if the client implements in the investment advice, or (iii) on anything other than rare, isolated and non-periodic instances, provides specific investment advice. [FN7]  For the purposes of (iii) above, "specific investment advice" includes a recommendation, analysis or report about specific securities or specific categories of securities (e.g., industrial development bonds, mutual funds, or medical technology stocks).  It includes a recommendation that a client allocate certain percentages of his assets to life insurance, high yielding bonds, and mutual funds or particular types of mutual funds such as growth stock funds or money market funds.  However, specific investment advice does not include advice limited to a general recommendation to allocate assets in securities, life insurance, and tangible assets.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

  FN7 See Zinn v. Parish, 644 F.2d 360 (7th Cir. 1981).

 In applying the foregoing tests, the staff may consider other financial services activities offered to clients.  For example, if a financial planner structures his planning so as to give only generic, non-specific investment advice as a financial planner, but then gives specific securities advice in his capacity as a registered representative of a dealer or as agent of an insurance company, the person would not be able to assert that he was not "in the business" of giving investment advice.  See discussion of the broker-dealer exception set forth in section 202(a)(11)(C) of the Advisers Act, infra. In the staff's view, it is necessary to **\*38403** consider these other financial services activities.  Section 208(d) of the Advisers Act makes it illegal for someone to do indirectly under the Advisers Act what cannot be done directly.

3. Compensation

 The definition of investment adviser applies to persons who give investment advice for compensation.  This compensation element is satisfied by the receipt of any economic benefit, whether in the form of an advisory fee or some other fee relating to the total services rendered, commissions, or some combination of the foregoing.  It is not necessary that a person who provides investment advisory and other services to a client charge a separate fee for the investment advisory portion of the total services.  The compensation element is satisfied if a single fee is charged for a number of different services, including investment advice or the issuing of reports or analyses concerning securities within the meaning of the Advisers Act. [FN8] As discussed above, however, the fact that no separate fee is charged for the investment advisory portion of the service could be relevant to whether the person is "in the business" of giving investment advice.

  FN8 See, e.g., FINESCO (pub. avail.  Dec. 11, 1979).

 It is not necessary that an adviser's compensation be paid directly by the person receiving investment advisory services, but only that the investment adviser receive compensation from some source for his services. [FN9] Accordingly, a person providing a variety of services to a client, including investment advisory services, for which the person receives any economic benefit, for example, by receipt of a single fee or commissions upon the sale to the client of insurance products or investments, would be performing such advisory services "for compensation" within the meaning of section 202(a)(11) of the Advisers Act. [FN10]

  FN9 See, e.g., Warren H. Livingston (pub. avail.  Mar. 8, 1980).

  FN10 Section 202(a)(11)(C) of the Advisers Act excludes from the definition of investment adviser a broker or dealer who performs investment advisory services that are incidental to the conduct of its broker or dealer business and who receives no special compensation therefor. See discussion of section 202(a)(11)(C), infra.

*B. Exclusions From Definition of Investment Adviser*

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

52 FR 38400-01                                                                 Page 7
52 FR 38400-01, 1987 WL 154624 (F.R.)
**(Cite as: 52 FR 38400)**

  Clauses (A) to (E) of section 202(a)(11) of the Advisers Act set forth limited exclusions from the definition of investment adviser available to certain persons. [FN11]  Whether an exclusion from the definition of investment adviser is available to any financial planner, pension consultant or other person providing investment advisory services within the meaning of section 202(a)(11), depends upon the relevant facts and circumstances.

   FN11 Section 202(a)(11) provides that the defintion of investment adviser does not include:

  (A) A bank, or any bank holding company as defined in the Bank Holding Company Act of 1956, which is not an investment company;

  (B) Any lawyer, accountant, engineer or teacher whose performance of such [advisory] services is solely incidental to the practice of his profession;

  (C) Any broker or dealer whose performance of such [advisory] services is solely incidental to the conduct of his business as a broker or dealer and who receives no special compensation therefor;

  (D) The publisher of any bona fide newspaper, news magazine or business or financial publication of general and regular circulation;

  (E) Any person whose advice, analyses, or reports related to no securities other than securities which are direct obligations of or obligations guaranteed as to principal or interest by the United States, or securities issued or guaranteed by corporations in which the United States has a direct or indirect interest which shall be, designated by the Secretary of the Treasury, pursuant to section 3(a)(12) of the Securities Exchange Act of 1934, as exempted securities for the purpose of that Act * * *

   Section 202(a)(11)(F) excludes from the definition of investment adviser  "such other persons not within the intent of this paragraph, as the Commission may designate by rules and regulations or order."

  A person relying on an exclusion from the definition of investment adviser must meet all of the requirements of the exclusion.  The staff's view is that the exclusion contained in section 202(a)(11)(B) is not available, for example, to a lawyer or accountant who holds himself out to the public as providing financial planning, pension consulting, or other financial advisory services.  In such a case it would appear that the performance of investment advisory services by the person would not be incidental to his practice as a lawyer or accountant. [FN12]  Similarly, the exclusion for brokers or dealers contained in section 202(a)(11)(C) would not be available to a broker or dealer, or associated person of a broker or dealer, acting within the scope of the business of a broker or dealer, if the person receives any special compensation for providing investment advisory services. [FN13]  Moreover, the exclusion from the definition of investment adviser contained in section 202(a)(11)(C) is only available to an associated person of a broker or dealer or "registered representative" who provides investment advisory services to clients within the scope of the person's employment with the broker or

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

dealer. [FN14] For example, if a registered representative provides advice independent of, or separate from, his broker or dealer employer such as by establishing a separate financial planning practice, then he could not rely on the exclusion because his investment advisory activities would not be subject to control by his broker or dealer employer. [FN15] Similarly, the exclusion would be unavailable if he provides advice without the knowledge and approval of his employer because in that capacity his advisory activities would, by definition, be outside the control of his employer. [FN16]

FN12 See, e. g., Mortimer M. Lerner (pub. avail. Feb. 15, 1980); David R. Markley (pub. avail. Feb. 8, 1985); Hauk, Soule & Fasani, P.C. (pub. avail. May 1, 1986). The "professional" exclusion provided in section 202(a)(11)(B) by its terms is only available to lawyers, accountants, engineers, and teachers. A person engaged in a profession other than one of those enumerated in section 202(a)(11)(B) who performs investment advisory services would be an investment adviser within the meaning of section 202(a)(11) whether or not the performance of investment advisory services is incidental to the practice of such profession. Unless another basis for excluding the person from the definition of investment adviser is available, the person would be subject to the Advisers Act.

FN13 See, e. g., FINESCO, supra note 8. For a general statement of the views of the staff regarding special compensation under section 202(a)(11)(C), see Investment Advisers Act Release No. 640 (October 5, 1978), and Robert S. Strevell (pub. avail. April 29, 1985). See discussion of the "business" standard, supra.

FN14 See, e. g., Corinne E. Wood (pub. avail. April 17, 1986); George E. Bates (pub. avail. April 26, 1979).

FN15 See, e. g., Robert S. Strevell, supra note 13; Elmer D. Robinson (pub. avail. Jan. 6, 1986); Brent A. Neiser (pub. avail. Jan. 21, 1986).

FN16 Id.

III. Registration as an Investment Adviser

Any person who is an investment adviser within the meaning of section 202(a)(11) of the Advisers Act, who is not excluded from the definition of investment adviser by virtue of one of the exclusions in section 202(a)(11), and who makes use of the mails or any instrumentality of interstate commerce in connection with the person's business as an investment adviser, is required by section 203(a) of the Advisers Act to register with the Commission as an investment adviser unless specifically exempted from registration by section 203(b) of the Advisers Act. [FN17] Also, any **\*38404** person who is an investment adviser within the meaning of any State investment adviser definition, and who is not excluded from that definition, may be required to register with that State. The materials necessary for registering with the Commission as an investment adviser can be obtained by writing the Publications Unit, Securities and Exchange Commission, Washington, DC, 20549. As to the various States, persons should contact the office of the State securities administrator in the State in which they must register to obtain the necessary materials.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

52 FR 38400-01                                                                Page 9
52 FR 38400-01, 1987 WL 154624 (F.R.)
**(Cite as: 52 FR 38400)**


   FN17 Section 203(b) exempts from registration:

  (1) any investment adviser all of whose clients are residents of the State within which such investment adviser maintains his or its principal office and place of business, and who does not furnish advice or issue analyses or reports with respect to securities listed or admitted to unlisted trading privileges on any national securities exchange;

  (2) Any investment adviser whose only clients are insurance companies;  or

  (3) Any investment adviser who during the course of the preceding twelve months has had fewer than fifteen clients and who neither holds himself out generally to the public as an investment adviser nor acts as an investment adviser to any investment company registered under the [Investment Company Act] * * *

IV. Application of Antifraud Provisions

 The antifraud provisions of section 206 of the Advisers Act [15 U.S.C. 80b-6], and the rules adopted by the Commission thereunder, apply to any person who is an investment adviser as defined in the Advisers Act, whether or not the person is required to be registered with the Commission as an investment adviser. [FN18] Sections 206 (1) and (2) of the Advisers Act, upon which many State antifraud provisions are patterned, make it unlawful for an investment adviser, directly or any indirectly, to "employ any device, scheme, or artifice to defraud client or prospective client" or to "engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client." [FN19] An investment adviser is a fiduciary who owes his clients "an affirmative duty of 'utmost good faith, and full and fair' disclosure of all material facts." [FN20] The Supreme Court has stated that a "[f]ailure to disclose material facts must be deemed fraud or deceit within its intended meaning, for, as the experience of the 1920's and 1930's amply reveals, the darkness and ignorance of commercial secrecy are the conditions under which predatory practices best thrive." [FN21] Accordingly, the duty of an investment adviser to refrain from fraudulent conduct includes an obligation to disclose material facts to his clients whenever the failure to do so would defraud or operate as a fraud or deceit upon any client or prospective client. In this connection the adviser's duty to disclose material facts is particularly pertinent whenever the adviser is in a situation involving a conflict, or potential conflict, of interest with a client.

   FN18 The antifraud provisions of some State statutes may apply to any person receiving consideration from another person for rendering investment advice even if the person rendering the investment advice is technically excluded from the State definition of investment adviser.

   FN19 In addition, section 206(3) of the Advisers Act generally makes it unlawful for an investment adviser acting as principal for his own account knowingly to sell any security to or purchase any security from a client, or, acting as broker for a person other than such client, knowingly to effect any sale or purchase of any security for the account of such client, without disclosing to such client in writing before the completion of such transaction the capacity in which he is acting and obtaining the consent of the client to such transaction.   The

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

responsibilities of an investment adviser dealing with a client as principal or as agent for another person are discussed in Advisers Act Rel. Nos. 40 and 470 (February 5, 1945 and August 20, 1975 respectively).

  FN20 SEC v. Capital Gains Research Bureau, 375 U.S. 180, 184 (1963) quoting Prosser, Law of Torts (1955), 534-535.

  FN21 Id. at 200.

 The type of disclosure required by an investment adviser who has a potential conflict of interest with a client will depend upon all the facts and circumstances.  As a general matter, an adviser must disclose to clients all material facts regarding the potential conflict of interest so that the client can make an informed decision as to whether to enter into or continue an advisory relationship with the adviser or whether to take some action to protect himself against the specific conflict of interest involved.  The following examples, which have been selected from cases and staff interpretive and no-action letters, illustrate the scope of the duty to disclose material information to clients in certain common situations involving conflicts of interests.

 The advisers' duty to disclose material facts includes the duty to disclose the various capacities in which he might act when dealing with any particular client. For example, an adviser who intends to implement the financial plans he prepares for clients, in whole or part, through the broker or dealer or insurance company with whom the adviser is associated, should inform a client that in implementing the plan the adviser will also act as agent for the broker or dealer or the insurance company. [FN22]

   FN22 See Elmer D. Robinson, supra note 15. See also In the Matter of Haight & Co., Inc. (Securities Exchange Act Rel. No. 9082, Feb. 19, 1971), where the Commission held that a broker or dealer and its associated persons defrauded its customers in the offer and sale of securities by holding themselves out as financial planners who would, as financial planners, give comprehensive and expert planning advice and choose the best investments for their clients from all available securities, when in fact they were not expert in planning and made their decisions based on the receipt of commissions and upon their inventory of securities. Accord Institutional Trading Corporation (pub. avail.  Nov. 27, 1972).

 An investment adviser who is also a registered representative of a broker or dealer and provides investment advisory services outside the scope of his employment with the broker or dealer must disclose to his advisory clients that his advisory activities are independent from his employment with the broker or dealer. [FN23] Additional disclosures would be required, depending on the circumstances, if the investment adviser recommends that his clients execute securities transactions through the broker or dealer with which the investment adviser is associated.  For example, the investment adviser would be required to disclose fully the nature and extent of any interest the investment adviser has in such recommendation, including any compensation the investment adviser would receive from his employer in connection with the transaction. [FN24] In addition, the investment adviser would be required to inform his clients of their ability to execute recommended transactions through other brokers or dealers. [FN25]  A financial planner who will

52 FR 38400-01                                                                    Page 11
52 FR 38400-01, 1987 WL 154624 (F.R.)
**(Cite as: 52 FR 38400)**

recommend or use only the financial products offered by his broker or dealer employer when implementing financial plans for clients should disclose this practice to clients [FN26] and inform clients that the plan may be limited by the products offered by the broker or dealer. Finally, the Commission has stated that "an investment adviser must not effect transactions in which he has a personal interest in a manner that could result in preferring his own interest to that of his advisory clients." [FN27]

  FN23 David P. Atkinson (pub. avail. Aug. 1, 1977), See also Corrine E. Wood, supra note 14.

  FN24 Id.

  FN25 Don P. Matheson (pub. avail. Sept. 1, 1976).

  FN26 Elmer D. Robinson, supra note 15.

  FN27 Kidder, Peabody & Co., Inc., 43 S.E.C. 911, 916 (1968).

 An investment adviser who structures his personal securities transactions to trade on the market caused by his recommendations to clients must disclose this practice to clients. [FN28] An investment adviser generally also must disclose if his personal securities transactions are inconsistent with the advice given to clients. [FN29] Finally, an investment adviser must disclose compensation received from the issuer of a security being recommended. [FN30]

  FN28 SEC v. Capital Gains Research Bureau, supra note 19, at 197.

  FN29 In the Matter of Dow Theory Letters et al., Advisers Act Rel. No. 571 (Feb. 22, 1977).

  FN30 In the Matter of Investment Controlled Research et al., Advisers Act Release No. 701 (Sept. 17, 1979).

 **\*38405** Unlike other general antifraud provisions in the Federal securities laws which apply to conduct "in the offer or sale of any securities" [FN31] or "in connection with the purchase or sale of any security," [FN32] the pertinent provisions of Section 206 do not refer to dealings in securities but are stated in terms of the effect or potential effect of prohibited conduct on the client. Specifically, section 206(1) prohibits "any device, scheme, or artifice to defraud any client or prospective client," and section 206(2) prohibits "any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client." In this regard, the Commission has applied sections 206(1) and (2) in circumstances in which the fraudulent conduct arose out of the investment advisory relationship between an investment adviser and its clients, even though the conduct does not involve a securities transaction. For example, in an administrative proceeding brought by the Commission against an investment adviser, the respondent consented to a finding by the Commission that the respondent had violated sections 206(1) and (2) by persuading its clients to guarantee its bank loans and ultimately to post their securities as collateral for

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

its loans without disclosing the adviser's deteriorating financial condition, negative net worth, and other outstanding loans. [FN33]  Moreover, the staff has taken the position that an investment adviser who sells non-securities investments to clients must, under sections 206(1) and (2), disclose to clients and prospective clients all its interests in the sale to them of such non-securities investments. [FN34]

   FN31 Section 17(a) [15 U.S.C. 787q(a)] of the Securities Act of 1933  [15 U.S.C. 77a et seq.].

   FN32 Rule 10b-5 [17 CFR 240.10b-5] under the Securities Exchange Act of 1934 [15 U.S.C. 78a et seq.]. See also section 15(c) [15 U.S.C. 78o(c)] of the Securities Exchange act of 1934.

   FN33 In the Matter of Ronald B. Donati, Inc. et al., Advisers Act Rel. Nos. 666 and 683 (February 8, 1979 and July 2, 1979 respectively). See also Intersearch Technology, Inc., [1974-1975 Transfer Binder] Fed. Sec. L. Rep. (CCH) Paragraph 80,139, at 85,189.

   FN34 See Boston Advisory Group (pub. avail.  Dec. 5, 1976).

V. Need for Interpretive Advice

 The general interpretive guidance provided in this release should facilitate greater compliance with the Advisers Act and the investment adviser laws of the states.  The staff of the Commission will respond to routine requests for no-action or interpretive advice relating to the status of persons engaged in the types of businesses described in this release by referring persons making the requests to the release, unless the requests present novel factual or interpretive issues such as material departures from the nature and type of services and compensation arrangements discussed above.  Requests for no-action or interpretive advice from the staff of the Commission should be submitted in accordance with the procedures set forth in Investment Advisers Act Release No. 281 (Jan. 25, 1971). As to requests for no-action or interpretive advice from the states, persons should contact the various state securities departments to inquire as to their procedures.

List of Subjects in 17 CFR Part 276

 Securities.

 Accordingly, Part 276 of Chapter 11 of Title 17 of the Code of Federal Regulations is amended by adding Investment Advisers Act Release No. IA-1092, Statement of the staff as to the applicability of the Investment Advisers Act to financial planners, pension consultants, and other persons who provide investment advisory services as a component of other financial services, which supersedes IA-770.

 By the Commission.

Jonathan G. Katz,

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Secretary.

 Date:  October 8, 1987.

[FR Doc. 87-23881 Filed 10-15-87;  8:45 am]

BILLING CODE 8010-01-M

 52 FR 38400-01, 1987 WL 154624 (F.R.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.