UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| ALBERT T. BEANE, JR., | x | |
| Plaintiff, | :: | |
| v. | :: | |
| THE BANK OF NEW YORK MELLON, BNY CONVERGEX EXECUTION SOLUTIONS LLC and CALLAN ASSOCIATES, INC., | :: | 07-cv-9444 (RMB) |
| Defendants. | x | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

# DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Thomas A. Arena (TA-4613)
Dorothy Heyl (DH-1601)
MILBANK, TWEED, HADLEY
& McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Counsel for BNY Defendants*

William Kilberg (WK-0792)
Paul Blankenstein (PB-8583)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Counsel for Callan Associates, Inc.*

On July 28, 2008, plaintiff Beane filed a notice of supplemental authority in opposition to defendants' motion to dismiss, arguing that the Supreme Court's recent decision in *Sprint Communications Co. v. APCC Servs., Inc.*, 128 S.Ct. 2531 (2008), demonstrated that he has Article III standing as a "representative" of the Federal Mogul Pension Plan ("Plan"), without the need for any personal injury. Defendants Callan Associates, Inc., the Bank of New York Mellon, and BNY ConvergEx Execution Solutions LLC, jointly submit this response to plaintiff's notice. Plaintiff's reliance on *Sprint* is wholly misplaced, and does not affect the conclusion that plaintiff's complaint should be dismissed for lack of standing.

1.  In their joint motion to dismiss, defendants demonstrated that plaintiff, a participant in a defined benefit plan under ERISA, lacks standing under Article III to sue on behalf of his plan because he has suffered no personal injury, and because any recovery obtained in the suit would inure only to the benefit of the plan. In *Sprint*, the Supreme Court held that Article III confers standing on the assignee of a legal claim for money damages to sue on behalf of the assignor. *See* 128 S. Ct. at 2533. This is so because "history and precedent" long afforded assignees this right at common law, and because assignees acquire *legal title* to the proceeds of the lawsuit via the assignment. *Id.* at 2533, 2542-43. Plaintiff, by contrast, has no legal right to the assets in a defined benefit plan under ERISA; nor do "history and precedent" support his right to sue on his plan's behalf.

2.  As an initial matter, plaintiff's bold pronouncement that *Sprint* somehow "overrules" *Harley v. Minn. Mining & Mfg. Co.*, 284 F.3d 901 (8th Cir. 2002), and *Glanton ex rel. ALCOA Prescription Drug Plan v. AdvancePCS Inc.*, 465 F.3d 1123 (9th Cir. 2006), badly exaggerate what the Supreme Court said. *Sprint* is not an ERISA case, and none of those cases was discussed or even cited by the Court in the decision. The Supreme Court has long counseled

that it is the *Court's* responsibility to decide explicitly whether and when a particular case or line of cases is "overruled." *See, e.g.*, *Hohn v. United States*, 524 U.S. 236, 252-53 (1998); *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997). Moreover, the Court was careful to limit its holding in *Sprint* to the case's particular facts, where a "clear historical" record supported the right of an assignee to sue on behalf of an assignor. 128 S. Ct. at 2536.

3. In reaching its conclusion, the Supreme Court proceeded from the premise that "history and tradition offer a meaningful guide to the types of cases that Article III empowers federal courts to consider." *Id.* at 2535. But as plaintiff admits, "history and tradition" cut decidedly against the right of a plan participant to sue on behalf of a plan absent any allegation of personal injury. *See* Pl.'s Notice at 3-4 (noting that it "may be true at common law" that "trustees, but not beneficiaries, can sue on behalf of a trust"). "Traditionally, trust law, on which ERISA is based, does not allow beneficiaries to bring suit on behalf of the trust." *Glanton*, 465 F.3d at 1125 n.2 (citing Restatement (Second) of Trusts § 214 cmt. b (1959)). Rather, at common law, it was the responsibility of the trustee—who was considered the *de jure* owner of trust assets—to sue third parties for injuries sustained by the trust, even if no beneficiary was personally injured. *See Glanton*, 465 F.3d at 1126; Restatement, *supra*, at § 214 cmt. b, § 280. Plaintiff's reliance on *Sprint*, therefore, reaches an immediate dead-end: whereas history supports the right of an assignee to sue on behalf of an assignor, history refutes the right of a plan participant to sue on behalf of a plan. As the Court observed in *Sprint*, "[a] clear historical answer at least demands reasons for change." 128 S. Ct at 2536.

4. Without offering any such reasons, plaintiff contends that the very sort of history and tradition that the Supreme Court relied upon in *Sprint* should not control here because "Congress created in clear and unambiguous language a new legal right in a participant to

2

represent his employee benefit plan in court." Pl.'s Notice at 4.  There is nothing in the language or history of ERISA that even suggests that Congress enlarged the right of a participant to sue beyond that at common law, and plaintiffs offers none other than his unsupported declaration to that effect.  Indeed, the Courts, including the Second Circuit, have recognized that fiduciaries who have sustained no personal injury can sue on behalf of the Plan, while participants can do so under ERISA § 502(a)(2) only if they can show the requisite Article III injury-in-fact.  *See Cent. States, Se & Sw Areas Health & Welfare Fund v. Merck-Medco,* 433 F.3d 181, 200 (2d Cir. 2005); *Horvath v. Keystone Health Plan E.*, 333 F.3d 450, 455-56 (3d Cir. 2003); *Harley*, 284 F.3d at 906-07; *Glanton*, 465 F.3d at 1125.  That plaintiff has not and cannot do.

   5. Furthermore, the creation of a statutory right cannot trump the Article III requirement that most plaintiffs in federal court must have personal injury individualized injury, and *Sprint* does not alter that fundamental principle.  The Supreme Court has said that it has "always taken [the Article III case on controversy requirement] to mean cases and controversies of the sort *traditionally* amenable to, and resolved by, the judicial process."  *Steel Co. v. Citizens For A Better Environment*, 523 U.S. 83, 102 (1998), cited with approval in *Sprint*, 128 S. Ct. at 2535.  Lawsuits by trustees against third-parties on behalf of the plan are "cases and controversies of the sort amenable to, and resolved by, the judicial process."  Suits by beneficiaries were not.  *See supra* at ¶ 3.  As "history and tradition" inform what sort of cases Article III grants federal courts the power to decide, *Sprint*, 128 S. Ct. at 2534, contrary to plaintiff's assertion, Congress cannot authorize by simple legislation suits by new classes of plaintiffs who do not personally satisfy Article III's injury-in-fact requirement and who could not bring those suits at common law in a representative capacity.  Therefore, ERISA could not invest

participants who, like plaintiff Beane, have not been injured with Article III standing to sue on behalf of a plan.

6.  Moreover, plaintiff errs even in his characterization of the rights granted him under ERISA. As defendants have previously noted, a participant in a defined benefit has no cognizable interest in general plan assets, but only in his or her fixed retirement income, or "accrued benefit." *See Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 439 (1999); *LaRue v. DeWolff, Boberg & Ass'n, Inc.*, 128 S. Ct. 1020, 1025 (2008). Therefore, ERISA does not create any "legal title" in plaintiff to plan assets.

By contrast, the assignee in *Sprint*, like the trustee of an ERISA defined-benefit plan, had legal title to the money recovered in the lawsuit. *See* 128 S. Ct. at 2542. To that end, the Supreme Court held that the assignee's claim was redressable because the assignee ultimately received the proceeds of any judgment. *See id.* at 2542-43. Here, however, unlike in *Sprint*, any recovery here would go directly to the Plan without ever being in the participant's possession.

True, the assignee was contractual obligated to turn over to the assignor the full amount of recovery. But the judgment proceeds would be paid to the assignee. As the Supreme Court observed: "If the [assignee] prevail[s] in this litigation, the [defendants] would write a check to the [assignee] for the amount [owed]." *Id.* at 2542-43. For Article III purposes, "[w]hat does it matter what the [assignees] do with the money afterward?" *Id.* at 2543. That rhetorical question would, of course, not be applicable here as plaintiff Beane would never have any decision to make afterwards as to what to do with any recovery as he would never receive those proceeds in the first place. Unlike the assignee in *Sprint*, the "check" would not be made out to plaintiff, but to the plan.

4

7.   Because *Sprint*'s holding is quite narrow, limited to the specific historical relationship of assignors and assignees, and premised on the assignee's right to recover any damages obtained in a suit directly from the defendant, it is wholly inapplicable here. It remains true, as defendants have argued in their motion papers, that a plan participant cannot sue on behalf of a plan unless the participant has suffered some personal, individualized loss.

Respectfully submitted,

DATE:  July 30, 2008

  /s/  Paul Blankenstein
William J. Kilberg (WK-0792)
Paul Blankenstein (PB-8583)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:  (202) 955-8500
*Counsel for Callan Associates, Inc.*

Thomas A. Arena (TA-4613)
Dorothy Heyl (DH-1601)
MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000
*Counsel for BNY Defendants*

**CERTIFICATE OF SERVICE**

I, Paul Blankenstein, hereby certify that on this 30th day of July 2008, I caused copies of the foregoing Defendants' Response to Plaintiff's Notice of Supplemental Authority, to be filed electronically with the Court and served this same day via the Court's ECF notification system upon the following:

        **Gregory Y. Porter**
        McTIGUE & PORTER LLP
        5301 Wisconsin Avenue, NW
        Suite 350
        Washington, DC 20015
        Phone: (202) 364-6900
        Fax: (202) 364-9960
        Email: gporter@mctiguelaw.com

Date: July 30, 2008

        /s/ Paul Blankenstein
        Paul Blankenstein
        Gibson, Dunn & Crutcher